**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000039**
**12-JUL-2024**
**08:01 AM**
**Dkt. 77 SO**

NO. CAAP-20-0000039


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAIʻI,
Petitioner-Appellee,
v.
E.L., Defendant-Appellant,
and
H.K., Defendant-Appellee


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-P NO. 01-1-0200)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

This appeal involves a dispute over a family court child support order regarding the sharing of college expenses for the parties' child (**Child**).

Defendant-Appellant E.L. (**Father**) appeals from the (1) October 15, 2019 "Order Granting [Defendant-Appellee H.K. (**Mother**)]'s Motion of July 5, 2018" (**Order Granting Second Motion for Relief**); and (2) December 26, 2019 "Order Denying [Father]'s Motion for Reconsideration, Alter or Amend Order

Granting [Mother]'s Motion of July 5, 2018" (**Order Denying Reconsideration**),[1] both filed by the Family Court of the First Circuit (**Family Court**).[2]

On appeal, Father contends[3] that the Family Court erred by granting Mother's July 5, 2018 "Motion for Relief After Judgment or Order and Declaration" (**Second Motion for Relief**) and "vacating a portion of the May 3, 2018 Order [(**Order Granting First Motion for Relief**)] that stipulated [Father]'s obligation to pay child support shall be replaced with the obligation to pay for one-half of the child's college tuition and costs."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Father's point of error as follows, and affirm.

On April 10, 2001, a "Stipulated Judgment of Paternity" was filed by the Family Court, giving full custody of Child to Mother, and requiring Father to pay $525.00 in child support.

On February 6, 2018, the Child Support Enforcement Agency's (**CSEA**) Office of Child Support Hearings filed an order reflecting Father and Mother's agreement increasing the child support payment to $1,376.00 per month due to an increase in Father's income.

On February 9, 2018, Mother, self-represented, filed a "Motion for Relief After Judgment or Order and Declaration"

---

[1]     Father does not present argument on the Order Denying Reconsideration that he challenges in his points of error, and this point is waived.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

[2]     The Honorable Steven M. Nakashima presided.

[3]     We have consolidated Father's points of error.

(**First Motion for Relief**), requesting that Father "pay for college cost[s]" because there was no "court decree stating responsible parent [was] required to pay for education cost as well as any cost related to college." The First Motion for Relief did not seek to modify the existing child support payments.

On April 2, 2018, Father, represented by counsel, filed a response to the First Motion for Relief, requesting, inter alia, that the costs of Child's college education be "shared equally" between Father, Mother, and Child.

At the April 5, 2018 hearing on the First Motion for Relief, Mother and Father discussed Child's college plans, and that after accounting for Child's financial aid and scholarships, the amount remaining for college tuition would be $11,023.00. Initially, Mother and Father could not agree on how the $11,023.00 would be split, or whether Father could alternate with Mother on claiming Child as a dependent for tax purposes, but ultimately came to an agreement at the end of the hearing, as follows:

> THE COURT: . . . Okay. So we're going to continue the -- both motions. . . .
>
> . . . .
>
> [MOTHER]: Your Honor, I'll just go ahead and close it out, then. They can have the tax every other year. I don't want to come back. I don't want to come back. This --
>
> . . . .
>
> [MOTHER]: They can have it. Every other year he can claim [Child]. Because I don't want to come back. And I don't want to deal -- have to deal with more court papers.
>
> THE COURT: Okay.
>
> [MOTHER]: I've had so much court papers from this lady. I am done.

THE COURT: So -- so, [Mother], you're claiming the exemption for 2017?

[MOTHER]: For 2 -- I've already -- I've already claimed [Child] for the year 2017.

THE COURT: Yeah.

[MOTHER]: He can go ahead and claim [Child] for 2018.

THE COURT: Okay.

[MOTHER]: That's fine.

THE COURT: And then --

[MOTHER]: And then we'll alternate it.

THE COURT: And then you'll alternate. So you'll -- you'll get the odd years; she'll -- he'll get the even years.

[MOTHER]: That's perfectly fine.

THE COURT: Okay. Until there -- there's no exemption to be used.

[MOTHER]: That's fine.

And then we can go ahead and also do 50/50 split for the college costs. The numbers may change by a few, but I'm not expecting it to go by thousands.

. . . .

THE COURT: Yes.

. . . .

[MOTHER]: And then we will not go ahead and address these -- these [sic] summer child support split.

THE COURT: Okay.

[MOTHER]: That is -- should be withdrawn. And we're good to go.

THE COURT: All right.

Okay. [Father's counsel]?

[FATHER'S COUNSEL]: We're in agreement, then.

THE COURT: Okay. We have an agreement.

4

(Emphases added.)  The Circuit Court ordered Father's counsel to prepare an order including all of the terms agreed upon.

On May 3, 2018, Father filed the proposed order granting the First Motion for Relief, which stated that Mother and Father would share Child's college costs "equally, so that each party's maximum obligation is $5,511.50 per school year"; and that "[t]his support cost shall replace any child support obligation as of the time the Child" attends college.  The Family Court signed the Order Granting First Motion for Relief.

On July 5, 2018, Mother filed the Second Motion for Relief, requesting to vacate or modify the May 3, 2018 Order Granting First Motion for Relief because it did not reflect the agreement reached at the April 5, 2018 hearing, and attached emails between Mother and Father's counsel regarding the proposed order.  The emails reflect that Mother told Father's counsel that the proposed order was "not consistent with the agreements that were reached" at the April 5, 2018 hearing.  Mother claimed "[t]he prior child support obligation order is to remain intact."

On August 9, 2018, a hearing on the Second Motion for Relief was held.  The Family Court continued the hearing to review the transcript of the April 5, 2018 hearing and the May 3, 2018 Order Granting First Motion for Relief.

On June 14, 2019, after several continuances, another hearing was held on the Second Motion for Relief.  Mother, now represented by counsel, and Father were ordered to submit written argument, and both did so on July 22 and July 23, 2019.

On October 15, 2019, the Family Court filed the Order Granting Second Motion for Relief, vacating in part the May 3, 2018 Order Granting First Motion for Relief, based on the following pertinent findings of fact (**FOFs**):

1. Based on the Court's review of the transcript of the April 5, 2018 hearing, it is clear that an agreement was reached that resolved [Mother]'s February 9, 2018 [First Motion for Relief].  There were various terms of that agreement but the Court's May 3, 2018 Order [Granting First Motion for Relief] did not accurately reflect the agreement that was placed on the record at the April 5, 2018 hearing.

    a. One agreement that was reached was that the Parties would equally share (50/50) the remaining costs of [Child]'s college education expenses, including tuition, books, living expenses and transportation costs. . . .

    b. Another agreement reached by the Parties was that they would alternate the sharing of the tax exemption as it applied to their support of [Child]. [Mother] would have the tax exemption for 2017 and [Father] would have the tax exemption for 2018 and they would continue to alternate the tax exemption as long as the tax exemption was applicable.

    . . . .

2. However, as to any issue of modifying the child support, the Court concludes that there was no agreement by the Parties to modify the existing child support and the issue of modifying child support was not an issue raised in [Mother]'s February 9, 2018 [First Motion for Relief].

    a. In its February 6, 2018 Administrative Findings and Order, CSEA ordered that [Father] shall pay child support in the amount of $1376. . . .  There was no appeal from this Administrative Order. Thus at the time of the hearing on April 5, 2018, [Father] was paying child support of $1376 per month.

    b. [Mother]'s February 9, 2018 [First Motion for Relief] requested that [Father] "pay for college cost and anything related to college, i.e. fees, books, housing." [Mother] argued that "We do not currently have [sic] court decree stating responsible parent [Father] [sic] required to pay for education cost as well as any cost related to college." These were the only issues raised in [Mother]'s February 9, 2018 [First Motion for Relief].

    c. At the April 5, 2018 hearing, although there were arguments raised in which the $1376 in child support was brought up, no agreement was ever reached to modify the child support order.

    d. Thus, there being no agreement and there being no issue raised in [Mother]'s February 9, 2018 [First Motion for Relief] regarding the issue of modifying child support, it was incorrect for the Court to have ordered that the support costs related to the cost of

6

the [college] costs/expenses "shall replace any child support obligation as of the time the Child goes to [college] in the late summer 2018" as there was no basis for such an order.

e. Accordingly, the orders set forth in paragraph 2 of the May 3, 2018 Order [Granting First Motion for Relief] are hereby vacated and shall no longer be effective.

(Emphases added) (footnote omitted).

On appeal, Father argues that the Family Court "abused its discretion" in the Order Granting Second Motion for Relief by erroneously "ordering child support and the payment of higher education expenses independently of each other," and stating that "it could not review child support upon a motion for educational support without an explicit request in a motion." Father claims that he "never agreed to pay both educational and guidelines support [(child support)]."

"Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." Kakinami v. Kakinami, 127 Hawaiʻi 126, 136, 276 P.3d 695, 705 (2012) (citation omitted). "Thus, we will not disturb the family court's decision on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." Id. (citation omitted).

The unchallenged findings in the Family Court's Order Granting Second Motion for Relief set forth supra, reflect that the May 3, 2018 Order Granting First Motion for Relief "did not accurately reflect the agreement that was placed on the record at the April 5, 2018 hearing"; that the transcript of the April 5, 2018 hearing confirmed that the parties "would equally share (50/50) the remaining costs of their [Child]'s college education expenses," and "would alternate the sharing of the tax

7

exemption"; that "there was no agreement . . . to modify the existing child support and the issue of modifying child support was not an issue raised in [Mother]'s February 9, 2018 [First Motion for Relief]"; and that Father had not appealed the February 6, 2018 CSEA order to pay $1,376.00 in monthly child support.  FOFs 1 and 2.  Father does not challenge these FOFs on appeal, which are supported by the record.  See In re Doe, 99 Hawai'i 522, 538, 57 P.3d 447, 463 (2002) ("Unchallenged findings are binding on appeal." (citation omitted)).

We conclude that the Family Court did not abuse its discretion by granting Mother's Second Motion for Relief and vacating a portion of the May 3, 2018 Order Granting First Motion for Relief.  See Kakinami, 127 Hawai'i at 136, 276 P.3d at 705.

For the foregoing reasons, we affirm the (1) October 15, 2019 "Order Granting [H.K.]'s Motion of July 5, 2018"; and (2) December 26, 2019 "Order Denying Defendant [E.L.]'s Motion for Reconsideration, Alter or Amend Order Granting [H.K.]'s Motion of July 5, 2018," both filed by the Family Court of the First Circuit.

DATED:  Honolulu, Hawai'i, July 12, 2024.

On the briefs:

Alethea K. Rebman
for Respondent-Appellant.

David B. Leas
for Respondent-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge